IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TYTON HESTER** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv065 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Tyton Hester filed a "Motion for Relief from Judgment or Order" (Dkt. #72). After reviewing the motion and the record, the court is of the opinion that the motion should be denied.

## BACKGROUND

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserted that the United States and Assistant United States Attorney Ernest Gonzalez violated his Fifth, Sixth, and Fourteenth Amendment rights and the Speedy Trial Act during his criminal proceedings. The court adopted the United States Magistrate Judge's Report and Recommendation (Dkt. #54) over Plaintiff's objections, and dismissed Plaintiff's claims on August 5, 2021 (Dkt. #60). On November 30, 2021, Plaintiff filed the instant motion for relief from judgment (Dkt. #72).

## DISCUSSION

In a Rule 60(b) motion for relief from judgment, a movant must show that he is entitled to relief from judgment due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation by the opposing party; (4) the judgment being void; (5) the judgment being satisfied, released, or discharged; or (6) any other

reason justifying the granting of relief from the judgment. Fed. R. Civ. P. 60(b). Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Generally, Rule 60(b) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Lyles v. Seacor Marine, Inc.*, 555 F.App'x 411 (5th Cir. 2014), *citing Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007); *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004) (a Rule 60 motion for relief from judgment is not a vehicle for re-litigating claims that have already been adjudicated). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) the need to prevent manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Plaintiff claims he is entitled to relief based on newly discovered evidence concerning the search that was conducted at his home and business in connection with his underlying criminal case. *See* 4:18cr85(1). Plaintiff essentially argues that the search warrant violated his constitutional rights because it failed to comply with federal law. However, this is not newly discovered evidence. In

fact, in his underlying criminal case, Plaintiff filed a motion to suppress evidence based on the alleged unconstitutional nature of the search warrant. The motion to suppress was denied. As such, Plaintiff has failed to show that he is entitled to relief under any of the factors set forth in Rule 60(b). He is simply attempting to re-litigate issues that have previously been raised and resolved. *Sequa Corp*, 156 F.3d at 144. It is, therefore,

**ORDERED** that Plaintiff's "Motion for Relief from Judgment or Order" (Dkt. #72) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 26th day of May, 2022.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE